UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TROUT UNLIMITED, PACIFIC RIVERS COUNCIL, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, INSTITUTE FOR FISHERIES RESOURCES, NATIVE FISH SOCIETY, OREGON NATURAL RESOURCES COUNCIL, UMPQUA WATERSHEDS, and COAST RANGE ASSOCIATION,<br><br>Plaintiffs,<br><br>vs.<br><br>D. ROBERT LOHN, Northwest Regional Administrator of the National Marine Fisheries Service and CARLOS GUTIERREZ, Secretary of Commerce, U.S. Department of Commerce,<br><br>Defendants. | Case No. 06-CV-904RSL<br><br>ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER |

## I. Introduction

This matter comes before the Court on "Defendants' Motion To Transfer." (Dkt. #8). In their complaint (Dkt. #1), plaintiffs challenge the decision by the National Marine Fisheries Service ("NMFS") to not list Oregon coast coho salmon under the Endangered Species Act, 16 U.S.C. §§ 1531-1544 ("ESA"). 71 Fed. Reg. 3033 (January 19, 2006). Defendants now seek to transfer the case to Judge Michael R. Hogan in the Eugene Division of the District of Oregon.

## II. Analysis

ORDER GRANTING DEFENDANTS'
MOTION TO TRANSFER -1

Defendants request the transfer pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Section 1404(a) grants district courts discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).

Defendants, who bear the burden of establishing that transfer is proper, must make two showings under section 1404(a). First, they must demonstrate that the district to which the they seek to have the action transferred is one in which the action "might have been brought." 28 U.S.C. §1404(a). Second, they must establish that convenience and the interest of justice weigh in favor of the transfer. Id.

Having reviewed the memoranda, declarations and exhibits submitted in this matter, the Court finds that defendants have made both showings required by section 1404(a). As a threshold matter, defendants have established that the action could have originally been brought in the District of Oregon. Under 28 U.S.C. § 1391(e), venue is appropriate in any district in which a defendant resides, a substantial part of the events or omissions giving rise to the claim occurred, or where a plaintiff resides. It is clear from the record that a substantial part of the underlying events leading to the listing decision at issue in this case took place in Oregon and that a majority of the plaintiffs reside or have offices in Oregon. Furthermore, plaintiffs concede that venue would be appropriate in Oregon. Response at 7. The Court therefore concludes that defendants have established that venue would be proper in the District of Oregon.

In evaluating whether a transfer would serve the interests of convenience and justice the Court should consider a number of private-interest and public-interest factors. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). These private-interest factors include: (1) the plaintiff's choice of forum; (2) the respective parties' contacts with the forum;

ORDER GRANTING DEFENDANTS'
MOTION TO TRANSFER -2

(3) the contacts relating to the plaintiff's cause of action in the chosen forum; (4) the differences in the costs of litigation in the two forums; (5) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (6) the ease of access to sources of proof. Jones v. GNC Franchising, Inc., 211 F.3d 495, 489-90 (9th Cir. 2000). Examples of relevant public-interest factors include: (1) the relative congestion of the calendars of the transferor and transferee courts; (2) the avoidance of conflict of laws issues; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the local interest in having local controversies decided at home. Decker Coal Co., 805 F.2d at 843.

Having considered both parties' arguments in light of these factors, the Court concludes that a transfer to the District of Oregon is warranted "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Defendants contend that the interest of justice is served by a transfer to the District of Oregon because the listing decision at issue in this case is a controversy rooted in Oregon and one in which the people of Oregon have a great interest. Plaintiffs argue that transfer is inappropriate both because a plaintiff's choice of forum is entitled to deference and because it would be more convenient for the parties to litigate in the Western District of Washington.

The Court concludes that Oregon's strong interest in having this distinctly local controversy decided at home weighs heavily in favor of a transfer of the matter to the District of Oregon. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509 (1947) ("There is a local interest in having localized controversies decided at home."). In general, "[c]ontroversies should be resolved in the locale where they arise." Trout Unlimited v. U.S. Dep't of Agric., 944 F. Supp. 13, 19 (D.D.C. 1996). As such, transfer is often appropriate in cases such this where the controversy at issue arises out of, and impacts, a particular geographic region. See McCrary v. Gutierrez, 06-cv-0086, 2006 WL 1748410, *3 (E.D. Cal. June 23, 2006); see also Sierra Club v. Flowers, 276 F. Supp. 2d 62, 69-71 (D.D.C. 2003) (case involving Everglades transferred to the Southern District of Florida because of "strong local interest" in having the matter resolved in

ORDER GRANTING DEFENDANTS'
MOTION TO TRANSFER -3

Florida).

In McCrary, plaintiffs filed suit in the Eastern District of California challenging a NMFS listing decision related to a subspecies of coho salmon. McCrary, 06-cv-0086, 2006 WL 1748410, at *1. In granting the defendants' motion to transfer the case to the Northern District of California, the court noted that "the subject matter of this lawsuit (the coho salmon subspecies) is located in the Northern District, the alleged injury occurred to interests within the Northern District possessed by a Northern District resident, and the basis for the challenged decision appears to have been formulated in large part within the Northern District." Id. at *3. After acknowledging that a "plaintiff's choice of forum should generally not be disturbed," the court concluded that the "facts overwhelmingly demonstrate that the appropriate venue for this matter is the Northern District of California, and utterly eclipse any tenuous connection this lawsuit may have to the Eastern District." Id.

As was the case in McCrary, the controversy at issue here arose in Oregon and specifically impacts the natural resources and people of Oregon. The Oregon coast coho salmon that are the subject of the listing decision at issue spawn exclusively in Oregon waters. Defendant D. Robert Lohn, the Northwest Regional Administrator of NMFS, is stationed in Portland, Oregon and that is where he received briefings related to the Oregon Coast coho, analyzed data and formulated the official recommendation at issue in this case. Further, plaintiffs allege in their complaint that NMFS "predicated its decision not to list the Oregon coast coho salmon" on the viability assessment conducted by the State of Oregon. Complaint ¶ 42. It also true that it is the people of Oregon who will be primarily impacted by the resolution of this case. This is reflected by the fact that plaintiffs base their standing in this case on the impact of the listing decision on their use of Oregon watersheds, not the watersheds of Washington or some other state. Complaint ¶ 10.

While the Court agrees that some deference must be accorded to plaintiffs' choice of forum, this deference is reduced when "the operative facts have not occurred within the forum of

ORDER GRANTING DEFENDANTS'
MOTION TO TRANSFER -4

original selection and that forum has no particular interest in the parties or the subject matter." Pacific Car and Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968); Saleh v. Titan Corp., 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) ("numerous courts have given less deference to the plaintiff's choice of forum where the action has little connection with the chosen forum."); Sierra Club v. Flowers, 276 F. Supp. 2d 62, 67 (D.D.C. 2003) (deference to plaintiff's choice of forum mitigated where the forum has "no meaningful ties to the controversy and no particular interest in the parties or subject matter."). Here, as explained above, the operative facts have taken place almost exclusively in Oregon. The only links that plaintiffs can identify between the Western District of Washington and the operative facts of this case is the presence of the NMFS's Northwest Regional Office and Science Center in Seattle. Though it is true that NMFS's regional office is in Seattle, Defendant Lohn is stationed in NMFS's Portland, Oregon office. The Portland office is also where the administrative record for this case will be compiled. The Court concludes whatever connection does exist between the operative facts in this case and the NMFS Northwest Regional Office and Science Center in Seattle is too attenuated to overcome the public interest that would be advanced by transferring the case to the District of Oregon.

      Nor are plaintiffs' ties to the Western District of Washington sufficient to outweigh the public interest in resolving local controversies at home. It appears that none of the plaintiffs have offices in Washington State. In contrast, at least five of the eight plaintiffs are based in Oregon, with seven maintaining offices there. Plaintiffs focus on the additional expense that a transfer would create for Trout Unlimited's attorneys located in Seattle. The location of plaintiffs' counsel, however, is far less relevant to the interest of justice than the location of the actual plaintiffs. Sierra Club, 276 F. Supp. 2d at 69. Furthermore, plaintiffs themselves acknowledge that the case will be resolved on cross-motions for summary judgment, with most of the activity in the case being conducted electronically. Id. ("Because this action involves an administrative review that the court is likely to determine on the papers, the location of

ORDER GRANTING DEFENDANTS'
MOTION TO TRANSFER -5

counsel–already given 'little, if any, weight' in transfer determinations–makes no difference here."). Though the Court is aware that some additional costs may be incurred by plaintiffs' counsel, these costs do not outweigh the gains achieved by transferring the case to the District of Oregon.

Although the Court concludes that transfer to the District of Oregon is appropriate, the Court believes it is unnecessary to order that the case be assigned specifically to Judge Hogan or the Eugene Division. Section 1404(a) grants this Court the power to "transfer any civil action to any other district or division where it might have been brought." It does not permit this Court to transfer an action to a specific judge as requested by defendants. Even if such a transfer were permitted, the assignment of a case to a particular judge is a task best suited for the Clerk of District of Oregon itself to avoid any appearance of "judge shopping."

### III. Conclusion

For all the foregoing reasons, defendants' request for transfer is GRANTED. The Clerk of the Court is directed to transfer this matter to the United States District Court for the District of Oregon.

DATED this 10th day of October, 2006

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS'
MOTION TO TRANSFER -6